IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD GRIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  3:03-CV-70-T |
| | ) | |
| THOMAS F. BOSWELL, SHERIFF, | ) | |
| | ) | |
| Defendant. | ) | |

RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, the plaintiff complains that while he was incarcerated at the Russell County Jail,[1] the sole defendant in this action, Sheriff Thomas F. Boswell violated his constitutional rights by failing to provide him medical care.  In response to the orders of the court, the defendant filed a special report and answer. The court then informed the plaintiff that the defendant's special report may, at any time, be treated as a motion for summary judgment, and the court explained to the plaintiff the proper manner in which to respond to a motion for summary judgment.  The plaintiff has filed his response, and this case is now before the court for consideration of the defendants' motion for summary judgment which the court concludes is due to be granted.

Grier complains that he reported severe pain in his stomach; it was clear he needed immediate attention and that his condition would worsen if medical treatment were not

---

[1] The Russell County Jail was originally named as a defendant but was dismissed.

provided. He alleges that Boswell did not arrange for his transport to a hospital. He further claims that after surgery, he did not receive any follow-up care as ordered by the doctor.

In his motion for summary judgment, Boswell denies that he had any contact with Grier or any knowledge about Grier's complaints and that if he had been made aware of the problem, he would have investigated and taken appropriate action. In response to the motion for summary judgment, Grier offers no evidence to show that Boswell knew of his condition and failed to act.

To prevail in a suit based on an Eighth Amendment[2] claim about medical attention a prisoner must show at a minimum that prison or medical officials have acted with deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976). A prison official such as the Sheriff may be held liable under the Eighth Amendment for acting with "deliberate indifference" to inmate health or safety only if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994).

Grier has failed to respond to the motion for summary judgment with any evidence showing that Boswell knew of Grier's medical complaints. In his response to the motion for summary judgment, Grier merely again alleges in an unsworn document that he was

---

[2]It appears that Grier was both a pretrial detainee and a convicted person during his incarceration. This does not affect the nature of the analysis. "[I]n regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985).

entitled to care and to follow-up care which he did not receive thereby subjecting him to a risk of harm.  While he states that he "brought his serious medical need to the attention of all available jail officials and personnel,"[3] he never provides any evidence that Boswell knew of a risk of harm to him and failed to act.  In the absence of Grier establishing a genuine issue about whether the defendant had any knowledge of a risk of harm to Grier, the defendant is entitled to summary judgment.  Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion for summary judgment be granted and that this case be dismissed with prejudice and with costs taxed to the plaintiff.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before April 15, 2005.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on

---

[3]Of course, the fact that other jail personnel may have known of Grier's plight is not sufficient to impose liability on Boswell.  The Sheriff can have no respondeat superior liability for a § 1983 claim. *See Geter v. Wille*, 846 F.2d 1352, 1354 (11th Cir.1988) ("Supervisory officials cannot be held liable for the acts of employees solely on the basis of respondeat superior.").  *See also Polk County v. Dodson*, 454 U.S. 312 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.").

appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1st day of April, 2005.

                                            /s/Charles S. Coody
                                   CHARLES S. COODY
                                   CHIEF UNITED STATES MAGISTRATE JUDGE